```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA            :
                                    :
                                    :    20-CR-499 (JSR)
        -v-                         :
                                    :
Keith Halliburton,                  :    ORDER
                                    :
        Defendant.                  :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

In a *pro se* letter to the Court dated March 3, 2022, defendant Keith Halliburton requested review of the seizure of various money orders by the Drug Enforcement Administration (DEA) upon Halliburton's arrest. ECF No. 65. The Court directed the Government to file a response regarding the notice provided to Halliburton, ECF No. 66, which the Government subsequently did. ECF No. 67. The Government also provided the declaration of DEA Forfeiture Counsel Vicki L. Rashid along with various attached exhibits, as well as the inmate locator record from the U.S. Marshals Service. ECF Nos. 67-1, 67-2.

This Court's review is limited to the constitutional adequacy of the notice of administrative forfeiture. See Dusenberry v. United States, 534 U.S. 161, 170-71 (2002); United States v. Brome, 942 F.3d 550, 553 (2d Cir. 2019). Notice is adequate under the Due Process Clause as long as the Government's efforts to provide notice are "reasonably calculated to apprise a party of the

1

pendency of the action." Dusenberry, 534 U.S. at 170-71 (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 315 (1950) (internal quotation marks omitted)).

On October 26, 2020, the DEA sent written notice to Halliburton at the address where he resided with his wife prior to his arrest (the same address at which officers executed a search warrant on the day Halliburton was arrested, where Halliburton's wife continued to live after his arrest, and that was listed by Halliburton on his petition for remission or mitigation of forfeiture both on the mailing envelope and the petition itself). ECF Nos. 67 at 3; 67-1, Exs. 1, 2, 10. The return receipt for the notice was signed by Halliburton's wife on October 29, 2020. ECF No. 67-1, Ex. 2. The DEA also mailed notice letters to the Hertz location from which Halliburton's vehicle was rented, id. Ex. 5, and to the individual who rented Halliburton's vehicle from Hertz, id. Ex. 7; both were signed as received, id. Exs. 6, 8. The DEA also published notice on the federal government forfeiture page. Id. Ex. 9.

While actual notice is not required, and the Government need only attempt to provide actual notice, see Brome, 942 at 553, here Halliburton was provided with actual notice of the forfeiture. One month after the letters were mailed, Halliburton submitted a petition for remission or mitigation of forfeiture, and, on the

first page, listed the unique letter ID identifiers for the three notice letters described above. ECF No. 67-1, Ex. 10 at 1.[1]

To the extent that Halliburton's *pro se* letter requests judicial review of the forfeiture, such review is limited to the narrow question of the procedural adequacy of the notice provided to Halliburton. As described above, the DEA made various attempts to provide notice that was reasonably calculated to apprise Halliburton of the forfeiture, and did, in fact, provide actual notice to Halliburton. To the extent that Halliburton's *pro se* letter argues that any further judicial review is warranted because he was not "served" with notice, such a request is denied.

SO ORDERED.

Dated: New York, NY

April 12, 2022

JED S. RAKOFF, U.S.D.J.

---

[1] The Government also asserts that notice was adequate because the DEA sent notice to Halliburton at the Macon County Jail. ECF No. 67-1 at 3. However, Halliburton had been transferred from the Macon County Jail to another facility more than a month earlier. ECF No. 67-2. The notice was returned to the DEA as undeliverable and was received by the DEA asset forfeiture office on November 9, 2020. ECF No. 67-1, Ex. 4. The Government asserts, logic to the contrary, that Halliburton received this letter, and that notice was adequate because the DEA mailed a notice letter to the facility where the defendant was housed. ECF No. 67 at 2-4. Given that Halliburton had been transferred to another facility more than one month earlier, and the DEA knew that he had not received the letter (because it had received the letter returned as undeliverable), this would not, on its own, mean that the DEA's notice efforts were "reasonably calculated" to provide Halliburton of the pendency of the action. However, as described above, the DEA did make other attempts to provide notice that were reasonably calculated to apprise Halliburton of the forfeiture, and did, in fact, provide actual notice to Halliburton.