```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,           :
                                    :      20-cr-499 (JSR)
        -v-                         :
                                    :      ORDER
KEITH HALLIBURTON,                  :
                                    :
        Defendant.                  :
                                    :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.:

Defendant Keith Halliburton moves to reduce his 144-month sentence to time served under what is colloquially called the "compassionate release" statute, 18 U.S.C. § 3582(c)(1)(A). ECF No. 76 ("Mot."). After considering the parties' full briefing, the motion is hereby denied.

The compassionate release statute provides that after certain administrative exhaustion requirements are met, the Court may reduce a defendant's sentence if it finds that (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the 18 U.S.C. § 3553(a) factors weigh in favor of a reduction. See United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021).

Halliburton raises three arguments for compassionate release. First, he argues that he suffers from asthma that "place[s] him at a high-risk category of death in the event he was to contract COVID-19." Mot. at 8. To support that point, Halliburton provides

1

medical records showing that he uses an inhaler.[1] However, Halliburton is currently vaccinated against COVID-19, ECF No. 78 ("Opp."), at 7, and has already contracted COVID-19 before, apparently without lasting effects, Mot. at 9.

Second, Halliburton argues he is not guilty. Id. at 19; ECF No. 84 ("Reply") at 6. As the Government points out, this argument is squarely foreclosed by Halliburton's guilty plea and the Second Circuit's judgment affirming his conviction. Opp. at 7; ECF No. 72 (Second Circuit mandate). But even if it were not, "[i]f a defendant contends his conviction by a federal court is invalid, Congress has provided a vehicle to raise such a challenge through a motion pursuant to 28 U.S.C. § 2255, which imposes particular procedural limitations." United States v. Amato, 48 F.4th 61, 65 (2d Cir. 2022). "A defendant cannot evade this collateral review structure by attacking the validity of his conviction through § 3582." Id.; cf. Heck v. Humphrey, 512 U.S. 477, 487 (1994).

Third, despite claiming innocence, Halliburton argues that he has undergone significant rehabilitation. Halliburton cites his

---

[1] Halliburton claims that he has been denied refills on his inhaler on numerous occasions. Nevertheless, his medical records reflect that he has been prescribed and has received an inhaler that manages his condition. Opp. at 6. Halliburton also claims that his prison has been at risk of legionella bacteria in the water, which would further complicate his breathing issues. However, the news article he cites is over a year old, and he provides no evidence that he himself was infected with, or is likely to become infected with, Legionnaires' disease. Mot. at 16.

completion of numerous rehabilitative programs, including but not limited to Criminal Thinking, Substance Abuse Courses, and Unlocking your Potential: Strategies for Professional Growth Workshop. See Mot., Ex. A. While the Court finds Halliburton's participation in these rehabilitative programs commendable, the statutory language expressly provides that "rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Ultimately, Halliburton's arguments do not persuade the Court that any extraordinary and compelling reasons warrant a reduction of his sentence.

Moreover, even if (contrary to fact) Halliburton had shown extraordinary and compelling reasons for a sentence reduction, an independent consideration of the factors in 18 U.S.C. § 3553(a) would not justify a sentence reduction. This Court already sentenced Halliburton to a sentence below the applicable Guidelines range. See ECF No. 73 (supplemental presentence report). And Halliburton has served less than a third of his 144-month sentence. He committed the instant offense while on supervised release, one month after being granted compassionate release in a different federal criminal case. Opp. at 8. Because Halliburton has exploited the leniency granted to him in the past, the Court is not persuaded that adequate deterrence is achieved by a sentence reduction. Additionally, the nature and circumstances of Halliburton's offense -- trafficking hundreds of thousands of

3

doses of heroin -- coupled with his extensive criminal history warrant adherence to his original sentence.[2]

Accordingly, Halliburton's motion for compassionate release is denied. The Clerk is respectfully directed to close document 76 on the docket of this case.

SO ORDERED.

Dated:   New York, NY
         June 12, 2024

_____
JED S. RAKOFF, U.S.D.J.

---

[2] In arguing that the Section 3553(a) factors favor a sentence reduction, Halliburton emphasizes Section 3553(a)(2)(D), which requires courts to consider the need for providing the defendant with appropriate medical care. See Mot. at 12. However, the Court is not persuaded that release would more effectively provide Halliburton with the necessary medical care to treat his asthma; as noted above, Halliburton has not shown that his asthma is insufficiently managed with his inhaler prescription. In any event, this factor is just one among many, and even if it were to support Halliburton's argument, the balance of the Section 3553(a) factors do not.