UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
+------------------------------------+
| UNITED STATES OF AMERICA,          |
|                                    |
|        -v-                         |
|                                    |
| KEITH HALLIBURTON,                 |
|                                    |
|            Defendant.              |
+------------------------------------+
```

25-cr-499-1 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

Defendant Keith Halliburton, in a pro se letter to the Court, requests a sentence reduction pursuant to an amendment to the Sentencing Guidelines under which he was sentenced. See ECF No. 96. In the letter, Mr. Halliburton asserts that he was sentenced to 144 months' imprisonment, but that since his sentencing, his criminal history score has retroactively been reduced from two to zero pursuant to Amendment 821 to the Guidelines. Id. at 3. Accordingly, Mr. Halliburton requests the Court recognize the reduction in his criminal history for the record and exercise its discretion under § 3582(c)(2) to reduce his sentence by two years. Id.

The Court acknowledges that Mr. Halliburton's criminal history score has been reduced, but that change does not permit this Court to grant a sentence reduction. Section 3582(c)(2) authorizes district courts to make "only a limited adjustment to an otherwise final sentence" where the guidelines range used at a defendant's sentencing has been retroactively lowered by the

1

Sentencing Commission by an amendment. <u>Dillon v. United States</u>, 560 U.S. 817, 826-27 (2010); 18 U.S.C. § 3582(c)(2). Specifically, in evaluating whether a defendant is eligible for a sentence reduction, the Court must "determine the amended guideline range that would have been applicable to the defendant if the [amendment] had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

When the guidelines range originally applied during the defendant's sentencing and the amended range are identical, the Court lacks discretion to reduce an individual's sentence. <u>See</u> <u>United States v. Mock</u>, 612 F.3d 133, 137 (2d Cir. 2010) ("If, and only if, a defendant is eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, [can] . . . the district court . . . consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part.").

Therefore, Mr. Halliburton is not eligible for a sentence modification because his applicable guidelines range has remained static. At sentencing, Mr. Halliburton's Criminal History Category was VI and his offense level was 29, yielding a guidelines range of 151 to 188 months' imprisonment. <u>See</u> ECF No. 73. Although Mr. Halliburton's criminal history points have since been reduced, his Criminal History Category remains VI and his offense level remains 29, leaving his guidelines range unchanged. <u>Id.</u>

Indeed, Mr. Halliburton acknowledges in his motion that his "guideline[s] range . . . may remain unchanged," but nevertheless requests the Court exercise its discretion to reduce his sentence. ECF No. 96 at 3. But the Court lacks the authority to exercise its discretion precisely because Mr. Halliburton's guidelines range has remained unchanged. See Mock, 612 F.3d at 137 (holding that the district court can consider Section 3553(a) factors only if the defendant is first eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10).

Accordingly, Mr. Halliburton's motion for a sentence reduction is denied because the Court lacks the authority to grant the requested relief. The Clerk of Court is respectfully directed to close ECF No. 96.

SO ORDERED.

New York, NY
December 22, 2025

_____
JED S. RAKOFF, U.S.D.J.