UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

　　-v-

KEITH HALLIBURTON,

　　　　　Defendant.

20-cr-499-1 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

Defendant Keith Halliburton, proceeding pro se, has moved for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 103. He has served approximately 67 months of his 114-month sentence for conspiring to distribute heroin and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). For the reasons that follow, the Court denies Halliburton's motion.

I.    Background

In April 1999, Halliburton -- who already had a prior felony conviction at the time -- was sentenced to 240 months' imprisonment and ten years' supervised release after law enforcement officers discovered 89 grams of crack cocaine in his home. In December 2018, while Halliburton was on home confinement for that earlier sentence, Halliburton was sentenced to an additional 120 months' imprisonment and eight years' supervised release after officers, conducting a sting operation involving Halliburton, discovered drugs and other paraphernalia in his car and home.

1

While serving that latter sentence, Halliburton moved for compassionate release in early 2020, after serving approximately 42% of his sentence, in light of the COVID-19 pandemic and his medical conditions. The district court granted the motion and reduced his sentence to time served, to be followed by six months of home confinement. See ECF No. 84, United States v. Halliburton, 17-cr-200028 (C.D. Ill. June 11, 2020).

Notwithstanding this huge benefit, Halliburton promptly committed a further offense -- conspiring to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) -- while on home confinement in the fall of 2020. Halliburton pled guilty before this Court on October 19, 2021, to the lesser-included offense of conspiring to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). The Court sentenced Halliburton to 144 months' imprisonment, to be followed by three years' supervised release.

In April 2024, Halliburton moved for a reduction in sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 76. In that motion, Halliburton raised some of the same arguments that he presses now, including that he had demonstrated rehabilitation. Id. The Court denied the motion in June 2024, noting that Halliburton had not established extraordinary or compelling

reasons for release and that it had already issued a lenient, below-Guidelines sentence. ECF No. 85.

On February 20, 2026, Halliburton moved for compassionate release for the second time during his current sentence, and for the third time overall. ECF No. 103. This Order disposes of that motion.

II.  Discussion

A court may reduce a defendant's sentence if it finds that (1) "extraordinary and compelling reasons warrant such a reduction"; (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the Section 3553(a) factors weigh in favor of a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); see United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021). "Application of the [Section] 3553(a) factors requires an assessment of whether the relevant factors outweigh the extraordinary and compelling reasons warranting compassionate release . . . and whether compassionate release would undermine the goals of the original sentence." United States v. Daugerdas, 613 F. Supp. 3d 807, 812 (S.D.N.Y. 2020).

Halliburton cites his rehabilitation, his wife's medical challenges, Guidelines amendments, the relative sentence imposed on his co-defendant, and the "reverse-sting operation" nature of his underlying offense as reasons to grant his compassionate release motion. None of these factors qualifies as extraordinary

3

and compelling reasons that justify a reduction in sentence for Halliburton, who has already violated the Court's trust by committing an additional crime after successfully moving for early release during the COVID-19 pandemic.

Halliburton first asserts that he has demonstrated significant rehabilitation. ECF No. 103 at 2-3. Specifically, he notes that he has maintained "clear conduct, incurred no disciplinary infractions, and participated positively in institutional programming." Id. at 2. He further identifies that the been entrusted with assignments at his prison typically "reserved for individuals deemed reliable, competent, and low risk." Id. at 3. The Court previously rejected this argument on the basis "that the statutory language expressly provides that 'rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" ECF No. 85 at 2-3 (citing 28 U.S.C. § 994(t)). While the Court commends Halliburton for his rehabilitative efforts, the Court is not persuaded that his efforts rise to the level of "extraordinary and compelling" reasons warranting early release. See, e.g., United States v. McCoy, 2022 WL 2981445, at *10 (S.D.N.Y. July 27, 2022) (noting that good behavior is "commendable" but also "expected and not unusual").

Next, Halliburton argues that early release would allow him to help his wife, who is suffering from a shoulder injury. The Court does not disagree that Halliburton's presence in the home

4

could certainly assist his wife. But to satisfy the requisite conditions for early release, Halliburton must establish that his spouse requires a "caregiver" and that he is the "only available caregiver for the spouse." U.S.S.G. § 1B1.13(b)(3)(B). He has not done so, and for that reason, this is not an "extraordinary" or "compelling" reason that justifies early release.

Halliburton then identifies a Sentencing Guideline amendment that he admits "does not retroactively reduce [his] sentence," but that he argues "reflects a significant policy decision by the Sentencing Commission" cutting in favor of early release. ECF No. 103 at 3. Specifically, Halliburton argues that Sentencing Guideline Amendment 821 suggests that his criminal history no longer reflects his present danger or likelihood of recidivism. Halliburton's own admission of Amendment 821's inapplicability forecloses his argument, but in any event, it is neither an extraordinary nor compelling reason to reduce his sentence.

Finally, Halliburton asserts that he received a greater sentence than his co-defendant, Jeremiah Young, who he claims was relatively more culpable than himself. Even if this were true -- and it is likely not, as the Government identifies that "[t]he offense conduct . . . makes plain that Halliburton was the more culpable defendant" for a host of reasons, ECF No. 106 at 8 -- it would make no difference. Courts consider a variety of factors in sentencing a defendant. See, e.g., 18 U.S.C. § 3553(a) (requiring

a court to consider factors such as "the nature and circumstances of the offense and the history and characteristics of the defendant"). Even if Halliburton and Young were perfectly identical in their backgrounds and offense conduct, they might receive different sentences for reasons (such as, for instance, acceptance of responsibility or evident remorse) that would not justify early release. See Concepcion v. United States, 597 U.S. 481, 492 (2022) ("Indeed, 'it has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.'" (quoting Koon v. United States, 518 U.S. 81, 133 (1996)))

Halliburton's reply brief only nominally reiterates the foregoing arguments, focusing instead on the contention that the Government's role in his instant offense artificially inflated his sentence. See ECF No. 103 at 4; see generally ECF No. 107. Halliburton's point, as the Court understands it, is that he was caught up in a "reverse-sting" operation where the Government controlled the quantity and weight of the drugs involved, potentially escalating his Guidelines range. But Halliburton points to nowhere in the record that suggests his sentence was affected by drug weight. Indeed, the procedural history of this case suggests the opposite: Halliburton pleaded guilty to a lesser-

included offense that did not include a mandatory minimum based on drug weight.

The Court further reiterates what it explained in its earlier Order. "Even if (contrary to fact) Halliburton had shown extraordinary and compelling reasons for a sentence reduction, an independent consideration of the factors in 18 U.S.C. § 3553(a) would not justify a sentence reduction." ECF No. 85 at 3. The Court sentenced Halliburton to a sentence below the applicable Guidelines range, see ECF No. 73, Halliburton has served less than half of that sentence, see ECF No. 105 at 5, and he committed the instant offense while on supervised release, one month after being granted compassionate release in a different federal criminal case. "Because Halliburton has exploited the leniency granted to him in the past, the Court is not persuaded that adequate deterrence is achieved by a sentence reduction." ECF No. 85 at 3.

III. Conclusion

While the Court hopes for Halliburton's continued rehabilitation, it cannot justify a reduction in a sentence handed out less than two years ago based on the reasons Halliburton has provided, none of which are "extraordinary" or "compelling." That is especially the case when the defendant has previously re-offended after successfully petitioning for early release.

Accordingly, Halliburton's motion is denied. The Clerk's Office is respectfully directed to close ECF No. 103.

SO ORDERED.

New York, NY
June 9, 2026

JED S. RAKOFF, U.S.D.J.

8